Matter of Sanchez (2019 NY Slip Op 05312)





Matter of Sanchez


2019 NY Slip Op 05312


Decided on June 28, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed June 28, 2019.)


&em;

[*1]MATTER OF RUTHANNE SANCHEZ, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 25, 1987, and she maintains an office in Watertown. In 2018, the Grievance Committee filed a petition and supplemental petition against respondent alleging acts of professional misconduct including neglecting a client matter, failing to communicate with a client, and failing to consult with a client about the means by which the client's objectives are to be accomplished. Respondent thereafter filed an answer to the petition and supplemental petition admitting certain allegations, but denying material allegations of the charges of misconduct. Although this Court appointed a referee to conduct a hearing, the parties subsequently filed with this Court a joint motion for an order imposing discipline by consent wherein respondent reaffirms her admissions set forth in the pleadings and conditionally admits that she has violated certain provisions of the Rules of Professional Conduct (22 NYCRR 1200.0). The parties request that this Court enter a final order suspending respondent for a period of one year.
With respect to charge one of the petition, respondent admits that, in March 2016, she entered into a written retainer agreement to represent a client in an impending divorce action and certain proceedings in Family Court concerning child and spousal support and child custody and visitation. Respondent admits that, although she and the client thereafter verbally agreed that respondent would no longer represent the client in the Family Court proceedings, respondent failed to execute a writing memorializing that change. Respondent also admits that she subsequently failed to commence a divorce action on behalf of the client in a timely manner, to provide the client with itemized billing statements at regular intervals, and to respond to numerous inquiries from the client regarding the status of the matter. Respondent admits that, in late August 2016, the client requested that respondent represent him at a child and spousal support hearing that had been scheduled for September 22, 2016. Respondent admits that she did not definitively respond to the client's request until September 19, 2016, when she advised the client that she was unable to attend the hearing. Respondent admits that the client appeared at the hearing on a pro se basis and received an adverse determination from the Support Magistrate.
With respect to charge two of the petition, respondent admits that, in January 2016, she agreed to represent a client in a Family Court proceeding concerning child custody and support. Respondent admits that, in March 2016, the client expressed concern that he and his spouse both had health insurance coverage for their children, at which time respondent advised the client to continue paying the premiums because the court would determine the most affordable plan. Respondent admits that she thereafter failed to take action to address the client's concerns regarding health insurance coverage and, in August 2016, the client terminated respondent's services.
With respect to charge one of the supplemental petition, respondent admits that she agreed to represent a client in a divorce action and, although the client was awarded temporary child support in April 2017, respondent failed to submit a proposed child support order to the court presiding over the matter until June 2017, after the court reminded her to do so. Respondent further admits that the parties thereafter entered into a stipulation resolving all issues in the divorce, including the parties' rights and obligations regarding child support arrears and marital debt, but the stipulation failed to set forth specific amounts for those items. Respondent admits that she subsequently failed to comply with deadlines set by the court for submission of documents necessary to finalize the divorce and failed to respond to inquiries from the client regarding the matter. Respondent additionally admits that, in December 2017, after the client expressed concerns that the proposed judgment of divorce failed to set forth specific amounts for child support arrears and marital debt, respondent merely advised the client the document had already been submitted to the court, without directly addressing the concerns of the client. Respondent also admits that, although the client had emphasized the urgency of finalizing the divorce because her spouse had ceased paying child support, respondent did not file the judgment of divorce and related judgment roll until February 2018.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for [*2]Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). When a motion for discipline by consent is filed, all proceedings are stayed pending determination of the motion by the Court. If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court declines to impose the sanction requested by the parties or otherwise denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.2 (a)—failing to abide by a client's decisions concerning the objectives of representation and failing to consult with the client as to the means by which they are to be accomplished;
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to her;
rule 1.4 (a) (1) (iii)—failing to inform a client in a prompt manner of a material development in a matter including settlement or plea offers;
rule 1.4 (a) (2)—failing to reasonably consult with a client about the means by which the client's objectives are to be accomplished;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information; and
rule 1.5 (b)—failing to communicate to a client the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible, including any changes thereto.
We also conclude that respondent has violated 22 NYCRR 1400.2 by failing to provide to a client in a domestic relations matter itemized billing statements at 60-day intervals, and has violated 22 NYCRR 1400.3 by failing to provide to a client in a domestic relations matter a written retainer agreement setting forth, inter alia, the nature of services to be rendered.
In imposing the sanction requested by the parties, we have considered that respondent's admitted misconduct occurred over a relatively lengthy period of time and caused harm or prejudice to certain clients. We have also considered respondent's relatively substantial disciplinary history, which includes seven non-disciplinary letters of caution and two admonitions issued by the Grievance Committee, and respondent's failure to establish that she has taken steps to assure this Court that misconduct similar to that at issue here will not recur. Accordingly, we conclude that respondent should be suspended for a period of one year and until further order of the Court. We direct, however, that in the event that respondent applies to this Court for reinstatement to the practice of law following the period of suspension, the application must specify the steps she will take to avoid a recurrence of similar misconduct and be accompanied by proof that, during the period of suspension, she has completed a minimum of 16 credit hours of continuing legal education, accredited in accordance with 22 NYCRR part 1500, including a minimum of 12 credit hours concerning legal ethics and professionalism and 4 credit hours concerning law office administration. In addition, any application for reinstatement filed by respondent must list any grievance complaints or investigations that may be currently pending against her or that may have arisen during the period of suspension and, for each such complaint or investigation, respondent must specify the nature of the alleged misconduct, the manner in which the complaint or investigation may have been resolved, and the steps she may have taken to prevent harm or prejudice to any client or third party affected by the alleged misconduct.